# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSEPH C. PERRY,

    Plaintiff,

vs.                                                                           No. 18-cv-944 MV/JFR

NEW MEXICO CORRECTIONS DEPARTMENT,
DAVID JABLONSKI,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's *Pro Se* Prisoner Civil Rights Complaint (Doc. 6-1) and Motion for Discovery Hearing (Doc. 10). Plaintiff contends that prison officials violated the Eighth Amendment by placing him in a 23-hour lockdown program. Defendants removed the Complaint to Federal Court from New Mexico's First Judicial District Court. Having reviewed the matter under 28 U.S.C. § 1915A, the Court will dismiss the Complaint but grant leave to amend.

## I. Background[1]

Plaintiff was previously an inmate at the Lea County Correctional Facility ("LCCF"). (Doc. 6-1 at 6). While incarcerated at LCCF, in 2018, Plaintiff was charged with assaulting a staff visitor or volunteer. *Id.* Prison officials referred him to the Predatory Behavior Management Program ("PBMP"), which is administered by the Penitentiary of New Mexico ("PNM"). *Id.* Plaintiff was placed in the solitary confinement unit at LCCF for nearly five weeks while awaiting his transfer

---

[1] The background facts are taken from Plaintiff's complaint (Doc. 6-1). For the purpose of this ruling, the Court assumes Plaintiff's allegations are true.

to PNM. *Id.*

It appears that Plaintiff entered the PBMP program in July or August of 2018. (Doc. 6-1 at 6). During the first eight months of the program (*i.e.* "Step 1"), Plaintiff remained in his solitary cell for 23 hours a day on weekdays and 24 hours a day on weekends. *Id.* He was permitted one hour of "yard time" on weekdays and three showers per week. *Id.* at 7. Meals were delivered through the hole in the cell doors, and Plaintiff ate alone. *Id.* Plaintiff was also not allowed a radio, television, or telephone calls. *Id.* After completing Step 1, Plaintiff was allowed two hours of recreation time during the week. *Id.* at 7. It also appears he may have obtained phone and television privileges, but it is not entirely clear. *Id.* at 6-7.

As a result of the PBMP placement, Plaintiff suffered anxiety attacks, mood swings, sleeplessness, headaches, and nervous breakdowns. (Doc. 6-1 at 7). He seeks over $3.7 million in damages from the New Mexico Department of Corrections ("NMDOC") and David Jablonski, New Mexico's Secretary of Corrections. *Id.* at 6.

## II. **Standard of Review**

The Court has discretion to dismiss a civil complaint filed by an inmate at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(A). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) of the Federal Rules of Civil Procedure if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

### III. <u>Discussion</u>

Plaintiff's constitutional claims are asserted pursuant to 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The Tenth Circuit has approved certain 23-hour lockdown programs in unpublished cases. *See, e.g., Ajaj v. United States*, 293 F. App'x 575, 582–84 (10th Cir. 2008); *Hill v. Pugh*, 75 F.

3

App'x 715, 721 (10th Cir. 2003). However, none of these cases address situations where, as here, the lockdown lasts for eight months and the inmate suffers from mental health issues. The Court therefore finds that, at a minimum, Plaintiff's allegations warrant additional investigation through a *Martinez* report. *See Martinez* v. *Aaron*, 570 F.2d 317 (10th Cir. 1978) (establishing a procedure to conduct special investigations in prisoner cases).

Before the Court can order an answer and a *Martinez* report, Plaintiff must identify the individuals who were personally involved in his PBMP placement and/or his conditions of confinement at PNM.[2] Plaintiff cannot proceed against the current Defendants (NMDOC and Corrections Secretary Jablonski) as a matter of law. The Tenth Circuit has expressly held that the NMDOC is "not [a] ... 'person' subject to suit under § 1983." *See Blackburn v. Dep't of Corr.*, 172 F.3d 62 (10th Cir. Feb. 25, 1999). Further, a plaintiff cannot recover damages from the New Mexico Secretary of Corrections where, as here, the Secretary acted (*i.e.* approved a program) in his official capacity. *See Florez v. Johnson,* 63 F. App'x 432, 435 (10th Cir. 2003) (prohibiting official capacity claims against the New Mexico Secretary of Corrections) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Accordingly, the Court will dismiss the instant complaint against Defendants NMDOC and Jablonski under 28 U.S.C. § 1915A for failure to state a cognizable claim. The Court will also deny Plaintiff's Motion for a Discovery Hearing (Doc. 10) as premature, having determined that the Complaint fails to survive initial review. However, the Tenth Circuit counsels that "if it is at

---

[2] The body of the Complaint states that LCCF officials Harrison and Flint told Plaintiff about the PBMP investigation, and that someone named Jerry Roark inappropriately calls PBMP a program, when in fact it is a punishment. (Doc. 6-1 at 6). However, none of these individuals was named as a defendant, and it is not clear what, if any, role any of them played in the housing placement or the conditions of the PBMP program.

all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, the Court will allow Plaintiff to file an amended complaint within ninety (90) days of receipt of service of this Order. The amended complaint should name the individual defendants responsible for the PBMP program and his conditions of confinement. Also, Plaintiff should clarify whether he was deprived of any minimal necessities such as food, clothing, sanitation, medical care, or safety and if so, which individuals were aware of that deprivation yet did nothing to remedy it.

If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case without further notice.

**IT IS ORDERED** that pursuant to 28 U.S.C. § 1915A, Plaintiff's Prisoner Civil Rights Complaint (**Doc. 6-1**) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Discovery Hearing (**Doc. 10**) is **DENIED** as premature and **WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint within ninety (90) days of receipt of service of this order.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE