IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JOSEPH C. PERRY,

    Plaintiff,

vs.                                                                                                  No. 18-cv-944 MV/JFR

NEW MEXICO CORRECTIONS DEPARTMENT,
DAVID JABLONSKI,

    Defendants.


**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court following Plaintiff Joseph Perry's failure to file an amended civil rights complaint. Plaintiff is incarcerated and proceeding *pro se.* His original complaint alleged that prison officials violated the Eighth Amendment by placing him in the Predatory Behavior Management Program ("PBMP"). (Doc. 6-1 at 6). Plaintiff entered that program in 2018 after he was charged with assaulting a staff visitor or volunteer. *Id.* During the first eight months of the program (*i.e.* "Step 1"), Plaintiff remained in his solitary cell for 23 hours a day on weekdays and 24 hours a day on weekends. *Id.* He was permitted one hour of "yard time" on weekdays and three showers per week. *Id.* at 7. Meals were delivered through the hole in the cell door, and Plaintiff ate alone. *Id.* Plaintiff was also not allowed a radio, television, or telephone calls. *Id.* After completing Step 1, Plaintiff was allowed two hours of recreation time during the week. *Id.* at 7. It also appears he may have obtained phone and television privileges, but it is not entirely clear. *Id.* at 6-7. In the original complaint, Plaintiff sought over $3.7 million in damages from the New Mexico Department of Corrections ("NMDOC") and New Mexico Secretary of Corrections

David Jablonski.  *Id.* at 6.

By a ruling entered on February 28, 2020, the Court screened the original complaint and determined it lacked sufficient information to survive initial review.  (Doc. 11); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints).  In particular, the original complaint did not identify the individuals who were personally involved in Plaintiff's PBMP placement and/or his conditions of confinement in that program.  The ruling also noted that Plaintiff cannot proceed against the named Defendants, NMDOC or Secretary Jablonski, as a matter of law.  The NMDOC is "not [a] ... 'person' subject to suit under § 1983."  *See Blackburn v. Dep't of Corr.*, 172 F.3d 62 (10th Cir. Feb. 25, 1999).  Further, a plaintiff cannot recover damages from the New Mexico Secretary of Corrections where, as here, the Secretary acted (*i.e.* approved a program) in his official capacity.  *See Florez v. Johnson,* 63 F. App'x 432, 435 (10th Cir. 2003) (prohibiting official capacity claims against the New Mexico Secretary of Corrections) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).  The Court therefore dismissed the original complaint against NMDOC and Jablonski without prejudice pursuant to 28 U.S.C. § 1915A.

Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given ninety days (*i.e.,* until May 28, 2020) to file an amended complaint.  The ruling provided instructions on the pleading standard under 42 U.S.C. § 1983 and how to identify the defendants.  Plaintiff was warned that the failure to timely file an amended complaint may result in dismissal of this action without further notice.  Plaintiff did not amend his complaint or otherwise respond to the screening ruling.  This action will therefore be dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b) (requiring courts to dismiss any prisoner actions that "fail to state a claim upon which relief may be granted" or "seek[] monetary relief from a

defendant who is immune").

**IT IS ORDERED** that Joseph C. Perry's prisoner civil rights claims (Doc. 6-1) are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b); and the Court will enter a separate judgment closing the civil case.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE